CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 28 2009

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN CLETIS DOLLY,<br>Plaintiff, | Civil Action No. 7:09-cv-00305 |
| v. | **MEMORANDUM OPINION** |
| NORTHWESTERN REGIONAL<br>ADULT DETENTION CENTER,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

John Cletis Dolly, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Northwestern Regional Adult Detention Center ("Jail") as the sole defendant. Plaintiff alleges that Jail staff and inmates call him names and Jail staff failed to adequately keep other inmates away from him. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff alleges the following facts. Plaintiff arrived at the Jail on October 17, 2008, and informed intake staff that he was an informant on other inmates at the Jail and was scheduled to testify in court against a "particular inmate" in the near future. (Compl. 3.) The staff placed plaintiff and the particular inmate on a "keep separate list" and assigned plaintiff to a different pod during his first thirty days. At the end of the thirty days, staff moved plaintiff to another pod, and the particular inmate attacked plaintiff while plaintiff waited for staff to assign him a night cell. (Id.) A correctional officer subsequently confirmed that plaintiff and the particular inmate should not have been placed near each other. Plaintiff does not state what injuries, if any, he

suffered from the attack.

Plaintiff also alleges that on June 5, 2009, a correctional officer accused him of exchanging favors for peanut butter. (Id. 4.) Plaintiff denied the accusation and said that he would not get other inmates in trouble. (Id.) About a week later, an inmate approached plaintiff and said that another inmate wants to kill plaintiff because the inmate's disciplinary charge lists plaintiff as an informant, presumably relating to the June 5 conversation. Plaintiff alleges that Jail staff failed to keep the approaching-inmate away from him. Plaintiff is afraid that he may be harmed in the future. Plaintiff further alleges that staff and inmates taunt and harass him. (Id. 5.) Plaintiff requests as relief unspecified damages and to be released on probation.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co.,

2

324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, a "person" subject to liability under § 1983 does not include a Virginia regional jail. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992) (reasoning local jails and the members of the Sheriff's office who administer the jails are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 damages action). Even if plaintiff named an appropriate person for a § 1983 damages action, he does not state a claim upon which relief may be granted.[1]

When a state actor makes comments that allegedly constitute verbal abuse, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v.

---

[1] Plaintiff requests me to order him released from incarceration and be placed on probation. Probationers are also subject to "restraints not shared by the public generally" and are considered "in custody" for habeas corpus purposes. Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). Therefore, plaintiff does not ask me to accelerate his release from custody, implicating habeas corpus jurisprudence, but asks me to order a change in the manner of his custody. However, plaintiff fails to establish the elements for equitable relief or to name a proper defendant who the court can compel to order such relief. Furthermore, the court lacks jurisdiction to grant mandamus relief against state officials or state agencies. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).

3

Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished). Other inmates who taunt the plaintiff do not act under color of state law. See West, 487 U.S. at 48.

Liberally construing plaintiff's other claim as a "failure to protect" claim, the Eighth Amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm, Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979), just as it protects against harm resulting from deliberate indifference of prison officials to serious medical needs, Estelle v. Gamble, 429 U.S. 97, 104 (1976). See Whitley v. Albers, 475 U.S. 312, 319-30 (1986) (contrasting "deliberate indifference" standard with more stringent "wantonness" standard applicable where physical force directly applied by prison officials to maintain security or discipline); Patten v. Nichols, 274 F.3d 829, 838 (4th Cir. 2001) (holding that there is no constitutionally significant distinction between Eighth Amendment failure to protect and inadequate medical care claims). The determination of a defendant's state of mind is a subjective one. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). See Wilson v. Seiter, 501 U.S. 294 (1991). However, the Eighth Amendment is not implicated if the claim involves negligence. See Davidson v. Cannon, 474 U.S. 344 (1986) (mere negligent failure to protect inmate does not "deprive" of liberty, hence violate fourteenth amendment); Whitley, 475 U.S. at 319 ("obduracy and wantonness, not inadvertence . . . characterize the conduct prohibited by [the Eighth Amendment]. . . .").

Plaintiff fails to state an Eighth Amendment failure to protect claim because he fails to allege any culpable staff's deliberate indifference. Plaintiff acknowledges that the Jail staff

4

placed him and other inmates on "keep separated" lists. Based upon these facts, plaintiff only presents a claim of negligence that is not cognizable under the Eighth Amendment. Accordingly, I dismiss plaintiff's complaint without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 28th day of July, 2009.

*/s/ Jackson L. Kiser*
Senior United States District Judge